UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**ABUOUDEH, ABDEL RAHMAN NEMER KHALE**
**A214-440-454**

**Plaintiff,**

   - against -                                            Civ. No. __1:25-cv-01901_____

                                                                          **COMPLAINT**

**Kristi Noem, Acting Secretary of the United
States Department of Homeland Security;
Kika Scott, Senior Official Performing Duties of
the Director of the United States Department of
Homeland Security, United States Citizenship and
Immigration Services;
Andrea Quarantillo, New York District Director of the
United States Citizenship and Immigration Services;
U.S. Citizenship and Immigration Services**

        **Defendants.**
------------------------------------------------------------X

Plaintiff, Abdel Rahman Nember Khale Abuoudeh, through his attorneys, Neil A. Weinrib & Associates, hereby allege, upon information and belief, as follows:

## I. INTRODUCTION

1.    This is a civil action brought by the Plaintiff to compel the Defendants of the United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), and those acting under it, to act on the I-485 Application to Register Permanent Residence or Adjust Status that was filed with USCIS on or around **November 13, 2019**. The Defendants and those acting under it have failed to timely adjudicate the Plaintiff's application. This action is to compel DHS and USCIS to act by scheduling an interview and/or adjudicating the Plaintiff's application that has been unreasonably delayed.

1

## II. JURISDICTION

2.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction).  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court has jurisdiction under 28 U.S.C. § 1331, because this action arises under the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), the INA and regulations implementing it (Title 8 of the Code of Federal Regulations ("C.F.R.")).  In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under 28 U.S.C. § 2201, and seeks a declaration of the rights of the Plaintiff.

3.       This Court has jurisdiction over this action under the Administrative Procedure Act ("APA").  The APA requires the USCIS to carry out its duties within a reasonable time.  The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or her representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  The DHS, USCIS is subject to 5 U.S.C. §555(b).  In addition, the APA authorizes district courts to review any federal administrative action which "adversely affects or aggrieves" an individual.  5 U.S.C. § 702.  The APA empowers district courts to compel agency action unreasonably delayed.  See 5 U.S.C. § 706. The DHS as an administrative agency, is subject to both 5 U.S.C. § 702 and 5 U.S.C. § 706. Plaintiff contends that he has been "aggrieved" by the Defendants' unreasonable delay in the adjudication of his Form I-191 application.

4.       This Court also has jurisdiction under 28 U.S.C. § 1361, which states that "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the adjustment of status process. INA § 103, 8 U.S.C. § 1103, states that "(t)he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens." (Emphasis added.) 8 C.F.R. 103.2(b)(18) prescribes the timing and manner in which a district director may withhold adjudication of a visa petition stating that:

> "[i]f an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner."

Under 8 C.F.R. 103.2(b)(18), if after one year and six months has elapsed withholding adjudication because the investigation has not been completed the matter "shall be reviewed again" with continual review every six months thereafter to determine whether it is necessary to continue withholding adjudication.

The language of the statute and aforementioned regulations is mandatory, not discretionary, and requires the Defendants to schedule an interview for the Plaintiff and adjudicate his naturalization application.

### III.  VENUE

5. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). Plaintiff is filing the Complaint in the district where he resides.

### IV. PARTIES

6. Plaintiff, **ABDEL ABUOUDEH**, is a native and citizen of Jordan. Mr. Abuoudeh entered the United States on or about February 6, 2016 and has lived here ever since. On or about November 11, 2019, Mr. Abuoudeh filed an I-360 VAWA Self Petition with USCIS based on his

marriage to his abusive spouse. On November 5, 2021, USCIS issued Mr. Abuoudeh a Request for Evidence ("RFE") requesting proof of a bona fide marriage and proof of an alleged previous marriage. Plaintiff, through counsel, timely responded to the RFE on March 29, 2022. As of now, Plaintiff's application for adjustment of status is still pending before USCIS without any decision.

7. Defendant, **KRISTI NOEM**, is sued in her official capacity. She is the Acting Secretary of Homeland Security. She is charged with the duty of administration and enforcement of all the functions of the DHS.

8. Defendant, **KIKA SCOTT**, is sued in HER official capacity. She is the Acting Director of the DHS, USCIS. As such she is charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

9. Defendant, **ANDREA QUARANTILLO** is sued in her official capacity. She is the New York District Director of USCIS. As such, she is the DHS' designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS local office.

10. Defendant, **USCIS**, is the agency within the Department of Homeland Security charged with adjudicating applications for adjustment of status.

## V. EXHAUSTION

11. Plaintiff has exhausted all his administrative remedies. The Plaintiff and counsel has contacted USCIS and inquired about the status of the application. USCIS, however, has not provided a reasonable response for the delay. Since Plaintiff cannot compel the DHS, USCIS to act on his stalled application other than through the instant action, there are no further remedies for him to exhaust.

-5-
## VI. FACTS

12. Plaintiff is a citizen and national of Jordan and who has lived in the United States since 2016.

13. On November 29, 2016, Plaintiff married Tomica Summers, his United States citizen spouse.

14. Plaintiff filed an I-360 VAWA Self Petition approximately three years after his marriage in November 2019, citing emotional abuse. He was subsequently issued an RFE, which was timely responded to as discussed, *infra*. See RFE response attached as **Exhibit A**. His I-360 was approved on April 28, 2022, however, is I-485 application remains pending. See I-360 Approval Notice attached as **Exhibit B**.

16. Since that time, Plaintiff, through counsel, filed several inquiries requesting a status update of the I-485. See inquiries and Ombudsman request attached hereto as **Exhibit C**. USCIS did not provide any updates.

17. To date, Plaintiff has not received a decision on his pending application.

18. Plaintiff's application has been pending for over five (5) years.

## VII. CAUSE OF ACTION

### COUNT ONE

(Unreasonable Delay in Adjudication of Application for Naturalization)

19. The allegations contained in paragraphs 1 through 18 above are repeated and realleged as though fully set forth herein.

20. The Defendants have unreasonably delayed the adjudication of the Plaintiff's I-485 application.

21. The unreasonable delay in adjudicating the application is not attributable to the Plaintiff.

22. The Defendants owe the Plaintiffs a duty to schedule an interview and to adjudicate the application which they have unreasonably failed to do. This duty is owed under the USCIS regulations, as well as by the fact that by charging a processing fee the USCIS creates an obligation to adjudicate the application.

23. By making inquiries regarding the status of the application, the Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and failure to adjudicate the application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:

(1) Issue an Order compelling the Defendants to adjudicate the I-485 Application for Adjustment of Status that has been pending for over five (5) years;

(2) Issue an Order compelling the Defendants and those acting under them to perform their duty to render a decision on the application.

(3) Grant attorney's fees and costs of court.

(4) Grant any other and further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
March 7, 2025, 2025

Respectfully submitted,
Neil A. Weinrib & Associates
291 Broadway, Fl 17
New York, NY 10007

/s/Neil Weinrib
Neil A. Weinrib, Esq.
Attorney for the Plaintiff

## **VERIFICATION**

Neil Weinrib, under penalty of perjury, states the following:

1. That I am an attorney admitted to practice before this Court. I am employed at Neil A. Weinrib & Associates, the attorney for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

Dated: New York, NY
March 7, 2025

                                                                                            s/Neil Weinrib
                                                                                            Neil A. Weinrib, Esq.
                                                                                            Attorney for the Plaintiff